The judgment appealed from is therefore affirmed.

---

(116 So. 405)

No. 28911.

## GULF REFINING CO. OF LOUISIANA v. GRACE, Register of State Land Office, et al.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Injunction** ⊚⇒75—**Statute held not to prohibit issuance of injunction in suit by oil company, lessee of state, to restrain state officers from interfering with its leasehold rights (Acts Nos. 29, 30, of 1915 [Ex. Sess.]).**

In suit by oil company, lessee of state under Act No. 30 of 1915 (Ex. Sess.), to enjoin Governor and register of land office from interfering with its leasehold rights by lease of land claimed to be covered by plaintiff's lease, injunctive relief is not prohibited by Act No. 29 relating to suits brought against lessees of state.

2. **Mines and minerals** ⊚⇒5—**State's lease to oil company of bed of lake held to include islands.**

Where, in state's lease to oil company of bed of certain lake, no islands were excluded, and area leased was not delimited with reference to any such bodies of land, islands *held* to be part of bed of lake and included within lease, so that Governor and register of land office had no authority to advertise for bids for lease of land and islands belonging to state in such lake.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; George K. Favrot, Judge.

Suit by the Gulf Refining Company of Louisiana against Fred J. Grace, Register of the State Land Office, and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Percy Saint, Atty. Gen., and Peyton R. Sandoz, of New Orleans, for appellants.

Liskow & Irion, of Lake Charles, and Burke & Smith, of New Iberia, âmici curiæ.

J. S. Atkinson, of Shreveport, C. C. Bird, Jr., of Baton Rouge, and Thigpen, Herold, Lee & Cousin, of Shreveport, for appellee.

ROGERS, J. The state of Louisiana, in June, 1924, executed in favor of one W. T. Earnest a lease covering all the bed of Lake Fausse Pointe, a body of water lying in the parishes of Iberia, St. Martin, and St. Mary The contract was entered into pursuant to the provisions of Act 30 of 1915 (Ex. Sess.). Subsequently, Earnest, the lessee, legally assigned the lease to the Gulf Refining Company of Louisiana, the plaintiff in this case. In May, 1925, the assignee, Gulf Refining Company, paid the state $1,025 for an extension of the lease, which carried with it the right to a further extension. In March, 1927, the Governor and the register of the state land office, pursuant to an application in due form, and upon the advice of the Attorney General, as provided by Act 30 of 1915 (Ex. Sess.), proceeded to advertise for sealed bids for the lease of all the land and islands belonging to the state in Lake Fausse Pointe. Thereupon the Gulf Refining Company of Louisiana brought this suit to enjoin the Governor and the register of the land office from interfering with its leasehold rights, alleging that the area described in the advertisement was embraced within its prior contract. The defendants filed exceptions of no

cause of action, which were overruled. Thereafter they answered the plaintiff's petition, and the case was tried on its merits. Judgment was rendered in favor of the plaintiff, and the defendants appealed.

[1] Under their exceptions, the defendants contend that an injunction cannot issue herein because injunctive relief is prohibited by Act 29 of 1915 (Ex. Sess.). The prohibition of the statute is against the issuance of a writ of injunction, "in any suit brought against the lessees of the state, or the officers or employees of the state to restrain the exploitation for oil, gas or other mineral of lands, river bottoms or lake bottoms, the ownership of which is in the state." Section 1. The legislative act provides a remedy in the event of a controversy over the ownership of the products of any well drilled on lands of the state, which is that the funds resulting from the sale of such products shall be placed and held in custodia legis until it is judicially determined to whom they belong.

The present action, however, is not against a lessee of the state, but by a lessee of the state. Its purpose is not to restrain the exploitation of the lands, but to protect its possession as lessee in order that it may exploit the leased premises for the mutual benefit of itself and of its lessor. The object of the statute is, clearly, to prevent the tying up by injunction of the state's property, whereby it might be drained of its mineral contents by drillers on adjacent lands. Plaintiff's suit does not seek to prohibit drilling on the property.

Our conclusion is that the provisions of Act 29 of 1915 (Ex. Sess.) have no application to the present action and that the court below correctly overruled the defendants' exceptions.

[2] Passing to the consideration of the merits, we find that in the case of Atchafalaya Land Co. v. James et al., 146 La. 109, 83 So. 426, the plaintiff and the intervener, At-

chafalaya levee board, contended that the state was without right to lease the identical lands involved here, since the property inured to the Atchafalaya levee board under Act 97 of 1890. The case was decided in the latter part of the year 1919. This court held that the property leased formed part of the bed of Lake Fausse Pointe, a navigable body of water, and that the lease was valid.

The position taken and successfully maintained by the state in that case is wholly inconsistent with the position it has assumed in this case. If the leased premises formed part of the bed of the lake in 1919, they unquestionably form part of the bed of the lake at the present time, since it is admitted conditions have not changed in the intervening years.

The official plats of survey, which are a part of the records of the state land office, show Lake Fausse Pointe as a definite and limited body. The register of the land office, at the time the lease was entered into with Earnest, was familiar with these plats and with the decisions of this court as to what constituted the bed of the lake. He was one of the defendants and a witness in the mandamus suit. State v. Capdeville, 146 La. 94, 83 So. 421, and the map by Kemper upon which he and the plaintiff herein rely was offered in evidence by the relator in that suit. There the contention of the state officials that the area shown on said map as land was an integral part of the bed of Lake Fausse Pointe was upheld by the court. With this information before him, the register of the land office advertised for bids for the lease of the entire bed of the lake belonging to the state. No exceptions or restrictions were set forth, and no reference was made to existing islands. The contract secured by Earnest, the assignor of the plaintiff, was in accordance with the terms of the advertisement.

It is clear, therefore, that the intention of the parties was to enter into a lease contract

embracing all the lands lying within the outer boundaries of the lake, since no islands are excluded and the area leased is not delimited with reference to any such bodies of land.

Lake Fausse Pointe is an arm or estuary of the Atchafalaya river lying about 100 miles from the Gulf of Mexico. The islands referred to in the present advertisements of the register of the land office are mere sand bars, formed mainly by sand or silt deposited annually during a number of years by the waters of the river. These annual deposits coincide with the construction of the levees along the river by the Atchafalaya levee board. The so-called islands are of unequal elevation, but the greater portion, if not all, of their surfaces, is below the level of the yearly ordinary high water. They are not "susceptible of reclamation for agricultural purposes" (State v. Capdeville, supra), and the tree growth thereon—willow, cottonwood, and "one or two cypress"—is peculiar to lands which are submerged during the greater part of the year.

The sand bars in question are intersected by narrow sloughs forming part of the lake, which sloughs are concededly within the terms of the lease held by the plaintiff. Under the construction which the defendants now seek to place upon that contract, plaintiff, instead of having as the subject-matter of its lease a definite and limited body as shown by the official plats of survey, would have a lease upon an indefinite area, subject to constant changes incident to the shifting currents. In this situation, the exact limits of the property leased would always be uncertain, and its development would be difficult, if not impossible.

We agree with the conclusion reached by the district judge, that all the so-called islands are part of the bed of Lake Fausse Pointe and are included within the terms of plaintiff's lease.

For the reasons assigned, the judgment appealed from is affirmed.